State v. Walker

*Henderson, Henderson and Shuford by David H. Henderson for plaintiff appellee.*

*Donald L. Smith and Broxie J. Nelson for defendant appellant.*

---

STATE OF NORTH CAROLINA v. A. C. WALKER

No. 7023SC408

(Filed 5 August 1970)

Criminal Law § 23— voluntariness of guilty pleas

Record on appeal shows that defendant's pleas of guilty to forgery and to uttering forged checks were freely and voluntarily made.

APPEAL from *Beal, J.,* April 1970 Criminal Session of WILKES Superior Court.

The defendant, A. C. Walker, was charged in nine two-count bills of indictment, proper in form, with forgery and uttering forged checks and in one indictment with larceny of property of less than $200.00 in value, a misdemeanor. At his trial the defendant, an indigent, was represented by his court-appointed attorney, T. R. Bryan.

The record discloses that the defendant entered pleas of guilty to all the bills of indictment charging forgery and uttering forged checks, and that he entered a plea of *nolo contendere* to the bill of indictment charging larceny. No sentence was imposed on the plea of *nolo contendere* to the charge of larceny. The court continued prayer for judgment in seven of the nine cases wherein the defendant had pleaded guilty to forgery and uttering forged checks, and on case number 62, wherein the defendant had pleaded guilty to the indictment charging forgery and

uttering forged checks, the court entered judgment that the defendant be imprisoned for a period of ten years, and on case number 63, wherein the defendant had pleaded guilty to the charge of forgery and uttering forged checks, the court entered judgment that the defendant be imprisoned for a period of two years, said prison sentences to run consecutively. From the entry of the judgment the defendant appealed to this Court.

*Robert Morgan, Attorney General, Sidney S. Eagles, Jr., Assistant Attorney General, and Russell G. Walker, Jr., Staff Attorney, for the State.*

*Joe O. Brewer for the defendant appellant.*

HEDRICK, J.

The defendant's sole contention on this appeal is that his pleas of guilty to the nine two-count bills of indictment charging him with forgery and uttering forged checks were not freely, understandingly and voluntarily entered. This contention is without merit. The "Transcript of Plea", which is a part of the record in this case, shows clearly that the defendant, through his court-appointed attorney, did in fact enter pleas of guilty to nine bills of indictment charging him with forgery and uttering forged checks; furthermore, the record reveals that the court carefully questioned the defendant in open court as to whether he freely, understandingly and voluntarily entered the pleas of guilty in each case charging him with forgery and uttering forged checks.

On 14 April 1970, Judge Beal entered the following:

"And after further examination by the Court, the Court ascertains, determines and adjudges, that the plea of (guilty) (*nolo contendere*), by the defendant is freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. It is, therefore, ORDERED that his plea of (guilty) (*nolo contendere*) be entered in the record, and that the Transcript of Plea and Adjudication be filed and recorded."

We have carefully reviewed the record on appeal and find no error.

No error.

MALLARD, C.J., and PARKER, J., concur.